IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTAIR LOGIX LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-2057 (MN) |
| | ) |
| CATERPILLAR INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Timothy Devlin, DEVLIN LAW FIRM LLC, Wilmington, DE; David R. Bennett, DIRECTION IP LAW, Chicago, IL – attorneys for Plaintiff

Elizabeth S. Fenton, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, DE; Colm MacKernan, ORIGIN LTD., London – attorneys for Defendant

July 17, 2019
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is the motion of Defendant Caterpillar Inc. ("Defendant" or "Caterpillar") to declare this case exceptional under 35 U.S.C. § 285. (*See* D.I. 20). For the reasons set forth below, Defendant's motion is DENIED.

I. **BACKGROUND**

On December 27, 2018, Plaintiff Altair Logix LLC ("Plaintiff") filed the present action, alleging that the Caterpillar CAT S41 phone directly infringes claim 1 of U.S. Patent No. 6,289,434 ("the '434 Patent"). (D.I. 1 ¶ 26; *see also id.* ¶¶ 26-36). On January 28, 2019, Defendant filed an Answer (D.I. 9) and also moved to dismiss the Complaint in its entirety under Rules 12(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1338 (*see* D.I. 10 & 11). In support of its motion, Defendant argued that it is not the entity that makes, uses, sells or offers to sell the accused CAT S41 phone and, therefore, this Court did not have subject matter jurisdiction over the dispute or personal jurisdiction over Defendant because it committed no acts of patent infringement (in Delaware or anywhere else). (*See, e.g.*, D.I. 11 at 1-2). Plaintiff responded on February 19, 2019, agreeing that the case should be dismissed with prejudice, particularly in that Plaintiff had provided Defendant with an executed covenant not to sue for infringement of the '434 Patent. (D.I. 17 at 5-7; *see also* D.I. 18). On the same date, Plaintiff filed its own motion to dismiss under Rule 12(b)(1), requesting that the Court also dismiss Defendant's declaratory-judgment counterclaim of noninfringement with prejudice. (*See* D.I. 14 & 15; *see also* D.I. 16). The cross-motions to dismiss were fully briefed on March 5, 2019. (*See* D.I. 19 & 21).

On March 7, 2019, the Court dismissed all claims against Defendant with prejudice because it was apparent that both sides agreed such a dismissal was warranted. (*See* D.I. 22 at 2). In the same order, the Court also dismissed Defendant's counterclaim of noninfringement without

1

prejudice because the controversy had been mooted. (*Id.*). While briefing on the cross-motions for dismissal was underway – *i.e.*, before the Court dismissed Plaintiff's claims with prejudice – Defendant filed the present motion to declare this case exceptional under § 285. (*See* D.I. 20; *see also* D.I. 19). Briefing on Defendant's motion under § 285 was completed on March 19, 2019. (*See* D.I. 23 & 24).

## II. LEGAL STANDARDS

Section 285 of the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case within the meaning of the statute is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is a question committed to the Court's discretion, and the Court must consider the totality of the circumstances in reaching its conclusion. *Id.* In assessing the totality of the circumstances, the Court may consider, *inter alia*, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. A party seeking attorneys' fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557-58. The Court may award attorneys' fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

## III. DISCUSSION

Defendant asserts that the present case is exceptional within the meaning of § 285 because Plaintiff purportedly had no basis to initiate this suit because Defendant is not the entity that makes,

uses, sells or offers to sell the accused CAT S41 phone. (*See* D.I. 20 ¶¶ 2-3, 23, *see also* D.I. 24 at 3-4). Defendant argues that a simple pre-suit investigation would have revealed that another entity – Bullitt Mobile Ltd. – is responsible for the accused product. (*See* D.I. 20 ¶¶ 3-9; *see also* D.I. 24 at 3-4). Moreover, according to Defendant, Plaintiff and its counsel knew or should have known that Bullitt Mobile was the proper party based on prior proceedings in the Eastern District of Texas. (D.I. 20 ¶¶ 4-5; *see also* D.I. 19 at 1-3). Before reaching the substance of these arguments, the Court must first address a threshold issue – *i.e.*, whether Defendant's motion to declare this case exceptional is procedurally proper in light of the facts of this case.

    A.    <u>Procedural Requirements for a Motion for Attorneys' Fees Under § 285</u>

Section 285 provides that the Court may award reasonable attorneys' fees in exceptional cases to the prevailing party. In this case, Defendant became the "prevailing party" when the Court dismissed Plaintiff's claims against Defendant with prejudice – *i.e.*, this dismissal constituted the necessary judicially sanctioned change in legal relationship of the parties sufficient to make Defendant the "prevailing party." *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) ("[A]s a matter of patent law, the dismissal with prejudice, based on the covenant and granted pursuant to the district courts discretion . . . has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain FECO's fee claim under 35 U.S.C. § 285.").

Defendant, however, filed the present motion under § 285 before the Court ordered dismissal of Plaintiff's claims. (*Compare* D.I. 20 (Defendant's motion), *with* D.I. 22 (dismissal of Plaintiff's claims with prejudice)). In the Court's view, Defendant's motion under § 285 was premature because it was made before there was judicial action that conferred prevailing party status to one side. That is, this Court agrees with other courts that have found that a motion seeking

3

relief under § 285 must be made *after* judgment or some other judicially sanctioned change in the legal relationship of the parties. *See, e.g.*, *Novartis Corp. v. Webvention Holdings LLC*, No. CCB-11-3620, 2015 WL 3901639, at *5 (D. Md. June 22, 2015) ("Although it is clear that Novartis seeks an attorneys' fee award, its pending motion for an exceptional case finding, standing alone, does not appear to comply with Rule 54(d)(2)(B). As an initial matter, because it was filed before the court's present dismissal order, Novartis's motion was premature."); *In re Maxim Integrated Prod., Inc.*, No. 12-880, 2015 WL 867651, at *8 (W.D. Pa. Feb. 27, 2015) ("A motion for attorneys' fees cannot be filed until after entry of judgment, including a partial final judgment, unless a statute or court order provides otherwise.").

Moreover, apart from being premature, Defendant's motion is deficient under Rule 54(d)(2)(B). The Federal Circuit has made clear that any request for attorneys' fees under § 285 must comply with the procedural requirements of Rule 54(d)(2)(B). *See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005); *see also Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009). Defendant's motion does not refer to the judgment (or order) that purportedly entitles it to a potential award of attorneys' fees – *i.e.*, the Court's dismissal order.[1] *See* FED. R. CIV. P. 54(d)(2)(B)(ii). Nor does it state the amount sought or a fair estimate of that amount. *See* FED. R. CIV. P. 54(d)(2)(B)(iii). These procedural deficiencies alone provide a sufficient basis to deny Defendant's motion. *See Novartis*, 2015 WL 3901639, at *5 (denying motion under § 285 for failing to comply with Rule 54(d)(2)(B) because "the motion neither specifies the judgment entitling Novartis to an award nor states even an estimate of the amount it seeks").

---

[1] Of course, it would have been impossible for Defendant's motion to refer to the Court's dismissal order because that order did not yet exist.

Defendant asserts that the motion presently before the Court need not comply with Rule 54(d)(2)(B) because it is simply a motion to declare the case exceptional under § 285, with a separate motion for attorneys' fees thereunder to follow.[2] (*See* D.I. 24 at 1-2). The Court rejects this argument for several reasons. First, the Federal Circuit has held that there is no standalone sanction of "exceptionality" under § 285. *See Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1379-80 (Fed. Cir. 2008) ("The district court harbored the misimpression that 35 U.S.C. § 285 authorizes the imposition of two separate sanctions: the finding of exceptionality and the award of attorneys' fees. To the contrary, 35 U.S.C. § 285 authorizes the award of attorney fees in exceptional cases. Exceptionality is only an element for the award, not a separate sanction."). That is, courts do not decide exceptionality outside the context of a request for attorneys' fees – rather, a court only reaches the issue of whether a case is exceptional because it is a prerequisite to a potential award of attorneys' fees under § 285. Additionally, it would be an exercise in inefficiency for courts to hear and decide a motion to declare a case exceptional only to then later hear and decide a follow-on motion for attorneys' fees based on that exceptional case finding. Indeed, such a two-step procedure would be particularly inefficient given that a court may decline to award attorneys' fees even in cases found to be exceptional under § 285. *See Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) ("The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases."). Notwithstanding the already-stated reasons to reject a two-

---

[2] Defendant's motion references a request for "relief" under § 285, as well as for "relief" under 28 U.S.C. § 1927 and the Federal Rules of Civil Procedure. (*See* D.I. 20 at 1). In its briefing, however, Defendant does not specifically request attorneys' fees based on an exceptional case finding under § 285. Moreover, there is no further mention of § 1927 in the briefing, and there is only a cursory discussion of Rule 11 – without a specific request for attorneys' fees – in Defendant's Reply Brief. (*See* D.I. 24 at 7-8).

step motion practice, even if it were proper to file two separate motions under § 285 – *i.e.*, one for exceptionality and then a later one for an award of attorneys' fees – Defendant has not made (and cannot now make) a second motion for fees within the time period prescribed by Rule 54(d)(2)(B).[3]

Finally, although Defendant states that the present motion was filed "in an abundance of caution" (D.I. 20 at 1), it is unclear to the Court why caution would prompt Defendant to file a motion to declare the case exceptional before it was the prevailing party. As Defendant itself recognizes (D.I. 19 at 4-5), the Court retains jurisdiction to decide a motion for attorneys' fees pursuant to § 285 even if subject matter jurisdiction over the controversy no longer exists. *See Highway*, 469 F.3d at 1032. There is no apparent basis for Defendant's stated concern that the § 285 issue might "fall away with the infringement case." (D.I. 24 at 1). In any event, caution cannot excuse failure to comply with the Federal Rules of Civil Procedure. There is no procedurally proper motion for attorneys' fees under § 285 before the Court and, at this stage, it is too late for Defendant to make such a motion.

B.  Exceptionality Under § 285

As explained above, the Court finds that Defendant's motion fails to comply with the requirements of Rule 54(d)(2)(B) and, at this point, any attempt to file a proper motion for attorneys' fees under § 285 would be untimely. This alone is sufficient to dispose of Defendant's motion. Even if not, the Court would decline to find the present case exceptional under § 285.

---

[3]  The Court does not understand *Octane Fitness* to have changed Federal Circuit law requiring attorneys' fees motions under § 285 to comply with Rule 54(d)(2)(B), which generally requires requests for attorneys' fees to be filed within fourteen days of judgment (or other judicial action conferring "prevailing party" status). *See IPXL Holdings*, 430 F.3d at 1386; *see also* FED. R. CIV. P. 54(d)(2)(B)(i). To the extent that Defendant believes the deadline to file a motion for attorneys' fees under § 285 should be tolled while awaiting a decision on a separate exceptionality motion, the Court finds such a proposition to be at odds with *IPXL*. *See IPXL*, 430 F.3d at 1386 ("No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B).").

In the Court's view, Plaintiff and its counsel performed a sloppy pre-suit investigation, to say the least. There apparently were several sources of information that indicated that Defendant was not the proper party in the present action – *e.g.*, product inserts with the accused CAT S41 phone, Wikipedia, etc. (*See* D.I. 20 ¶¶ 6, 8-9). In fact, the issue of which entity manufactures and sells CAT phones was previously adjudicated in a proceeding in the Eastern District of Texas. *See Blue Spike LLC v. Caterpillar Inc.*, No. 6:16-1361 RWS-JDL, 2017 WL 2989204, at *6 (E.D. Tex. Apr. 1, 2017), *report and recommendation adopted*, 2017 WL 1829858 (E.D. Tex. May 8, 2017). The Court is certainly troubled by the lack of effort expended by Plaintiff in determining which party (or parties) should be sued for infringement of the '434 Patent by the CAT S41 phone, particularly given that this party issue appears to have been litigated before. That being said, although the litigation in the Eastern District of Texas involved CAT phones, that litigation was brought by a different Plaintiff – with different counsel – and involved allegations of infringement of a patent unrelated to the one at issue here. The Court is not convinced that Plaintiff (or its counsel) here was actually aware that this party issue had been litigated before, or that Bullitt Mobile was the proper party to sue for CAT phones instead of Caterpillar. But there was enough publicly available information to flag the issue that the Court has serious concerns about Plaintiff's filing of the present case.

Here, however, Defendant has also contributed to prolonging the litigation of this case. There is no evidence that Defendant attempted to contact Plaintiff to discuss the party issue or request that the suit be dropped – in fact, there is evidence to the contrary, which Defendant does not dispute.[4] (*See* D.I. 23-3 ¶¶ 8, 10). Instead of attempting to resolve the issue with Plaintiff,

---

[4] Defendant takes issue with Plaintiff "selectively quoting" certain purported settlement communications that occurred after Defendant's motion to dismiss was filed. (*See, e.g.*, D.I. 20 ¶¶ 12-14; D.I. 19 at 9; D.I. 24 at 6). Defendant argues that quoting this material in

7

Defendant filed a motion to dismiss, thereby inviting additional costs through motion practice. (*See* D.I. 10). After reviewing the motion to dismiss, Plaintiff apparently reached out to Defendant and offered to dismiss the case with prejudice, but Defendant refused. (*See* D.I. 23-3 ¶¶ 10-13). Further, according to Plaintiff, Defendant "insisted" that Plaintiff respond to the declaratory-judgment counterclaim and the motion to dismiss. (*Id.* ¶ 13). Defendant does not dispute this series of events, and the only explanation provided for not accepting the dismissal is that Plaintiff's counsel refused to reimburse Defendant for its attorneys' fees in connection with this case. (*See* D.I. 24 at 6). As with Plaintiff's conduct, the Court is concerned by Defendant's conduct here. Defendant had several opportunities to approach Plaintiff and/or resolve the case without judicial intervention, but Defendant opted instead to proliferate litigation costs by filing a motion and forcing Plaintiff to respond. In fact, Defendant's obstinance prompted Plaintiff to file its own motion to dismiss to address Defendant's counterclaim. (*See* D.I. 14). The result of Defendant's conduct was undoubtedly an unnecessary prolongation of litigation and a burden on the Court.

The Court must view all of the conduct set forth above, including the conduct of Defendant and any other relevant factors, in assessing the totality of the circumstances to determine whether this case is exceptional. *See Octane Fitness*, 572 U.S. at 554 ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."); *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[T]he conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant . . . ." (footnote omitted)). This case presents a good example of why patentees – and their attorneys

---

opposing the present motion is improper and violates Federal Rule of Evidence 408, but Defendant does not actually explain the impropriety under the facts here.

– should expend more than a barebones effort to investigate suspected infringement, and it also demonstrates why parties should attempt to resolve disputes prior to filing motions with the courts. Plaintiff could have avoided the problems raised with a more fulsome and careful pre-suit analysis, but the motion practice brought on by Defendant in this case no doubt prolonged litigation and raised the associated costs for both sides. That is, both sides contributed in their own way to this unnecessary litigation (and its price tag). In light of the totality of the circumstances,[5] the Court does not find this case exceptional and certainly not "so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555; s*ee also Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) ("The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to declare this case exceptional under § 285 (D.I. 20) is DENIED. An appropriate order will follow.

---

[5] The Court has considered all factors advanced by Defendant to support a finding of exceptionality, as well as those offered by Plaintiff in opposition, even if not explicitly addressed in this opinion. *See Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017) (noting that the trial judge has "no obligation to write an opinion that reveals her assessment of every consideration" when denying attorneys' fees under § 285).